IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SMALL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:14-cv-01246-STA-egb |
| CHERRY LINDAMOOD, | ) |
| Respondent. | ) |

ORDER DENYING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKIN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Michael Small, a Tennessee state prisoner, has filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief. (Pet., ECF No. 1.) For the reasons that follow, the petition is **DENIED**.

**BACKGROUND**

The following background summary is drawn from the state court record (Index, ECF No. 15) and the state appellate court's recitation of the evidence at Small's trial. *See State v. Small*, No. W2010-00470-CCA-R3-CD, 2011 WL 1137061, at *1 (Tenn. Crim. App. Mar. 28, 2011), *perm. appeal denied* (Tenn. July 15, 2011).

**I. Petitioner's Trial**

Small was indicted on two charges of aggravated robbery in connection with an incident at a Shop-N-Go store in Memphis, Tennessee. (Indict., ECF No. 15-1 at 4-6.) At his trial, the store's cashier, Rita Pafford, testified that two men entered the store on the morning of April 13,

2000, and asked for some meat from the deli. As Pafford placed the meat on the counter, the shorter and more heavy-set of the two men pointed a long black gun at her forehead. He then pointed the gun at the back of her head and ordered her to open the cash register and hand him the store's surveillance video. She complied. The man also took a gun belonging to Pafford's son-in-law. He then forced the cashier to the back of the store. After a short while, Pafford went to the front of the store, pressed a panic button, and waited for the police to arrive. She spoke to the police about what had happened but could not identify the man who had pointed the gun at her when shown a photographic lineup.

Tiffany Young testified that, on April 13, 2000, as she was about to enter the Shop-N-Go, she saw two men exiting the store. She was about ten feet from the men, and noticed that one of them had a long gun inside his coat and money in his coat and clothes pockets. After the men left, Young called the police and then entered the store to talk to Pafford. On April 20, 2000, Young picked-out Small from a photographic lineup as the man she saw leaving the store with a gun and money. At trial, Young identified Small as the same individual.

The lead detective on the case, Colonel Jeff Clark of the Memphis Police Department, testified that he interviewed Small on April 20, 2000. Small signed a written statement confessing that he had held the cashier at gunpoint during the robbery. The detective stated that he never said anything to Small during the interview suggesting that a confession would lead to a more lenient sentence.

Small testified that he did not have any involvement in the robbery, despite his confession. He stated that he signed the confession after the police threatened him and promised him an eight-year sentence.

Small was convicted on both counts of aggravated robbery. The trial court merged the convictions and sentenced the defendant to twenty years imprisonment, consecutive to his effective sentence of forty years for three previous convictions for aggravated robbery. The TCCA affirmed the convictions and sentence, and the Tennessee Supreme Court denied permission to appeal. *Small*, 2011 WL 1137061, at *1.

## II. Post-conviction Proceedings

On September 28, 2011, Small filed a *pro se* petition for post-conviction relief (P-C Pet., ECF No. 15-10 at 13-25), which was later amended through appointed counsel (Am. P-C Pet., ECF No. 15-10 at 25-37). The post-conviction court held an evidentiary hearing and denied the petition. (P-C Order, ECF No. 15-10 at 41-48.) The TCCA affirmed, and the Tennessee Supreme Court denied permission to appeal. *Small v. State*, No. W2012-02101-CCA-R3-PC, 2014 WL 60966, at *1 (Tenn. Crim. App. Jan. 7, 2014), *perm app. denied* (Tenn. Jan. 7, 2014).

## III. Federal Habeas Petition

On September 22, 2014, Small filed his pro se § 2254 petition, in which he raises three claims:

Claim 1: Petitioner was denied the effective assistance of trial counsel (Pet., ECF No. 1);

Claim 2: The proof at trial was insufficient to support the convictions (*id.* at 11);

Claim 3: The trial court erred by imposing consecutive sentences (*id.* at 19).

## DISCUSSION

On February 20, 2015, Respondent filed its answer to the amended petition. (Ans., ECF No. 14.) Respondent argues that Claim 1 is without merit, Claim 2 is procedurally defaulted, and Claim 3 is non-cognizable. (*Id.* at 3-5.) Petitioner filed a reply on April 27,

3

2015, in which he opposes Respondent's arguments. (Reply, ECF No. 19.)

**I. Legal Standards**

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the AEDPA. *See* 28 U.S.C. § 2254. Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A § 2254 claim challenging the petitioner's custody or sentence on state-law grounds thus fails to state a federal habeas claim. *Moreland v. Bradshaw*, 699 F.3d 908, 926 (6th Cir. 2012) (writ of habeas corpus may not issue "on the basis of a perceived error of state law") (citing *Pulley v. Harris,* 465 U.S. 37, 41 (1984)).

The availability of federal habeas relief is further restricted where the petitioner's claim was "adjudicated on the merits" in the state courts. 28 U.S.C. § 2254(d). In that circumstance, federal habeas relief "may not be granted" unless:

> the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court, [28 U.S.C.] § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); or . . . "involved an unreasonable application of" such law, § 2254(d)(1); or . . . "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, 562 U.S. 86, 100 (2011).

A state court's decision is "contrary" to federal law when it "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law or "decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. An "unreasonable application" of federal law occurs when the state court "identifies the correct governing legal principle from" the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

4

For purposes of § 2254(d)(2), a state court's factual determination is not "unreasonable" merely because the federal habeas court would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Sixth Circuit construes § 2254(d)(2) in tandem with § 2254(e)(1) to require a presumption that the state court's factual determination is correct in the absence of clear and convincing evidence to the contrary. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (quotation marks and citation omitted). A state court's factual findings are therefore "only unreasonable where they are 'rebutted by clear and convincing evidence' and do not have support in the record." *Moritz v. Woods*, No. 16-1504, 2017 WL 2241814, at *5 (6th Cir. May 22, 2017) (*quoting Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017)) (internal quotation marks omitted).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion provision is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In light of this purpose, the Supreme Court has interpreted the exhaustion provision as requiring not mere "technical" exhaustion, *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), but "proper[]" exhaustion. *Boerckel*, 526 U.S. at 848. A claim is technically exhausted when state remedies are no longer available to the petitioner. *Coleman*, 501 U.S. at 732 (citing 28 U.S.C. § 2254(b)). Technical exhaustion therefore encompasses not only situations where the petitioner fully presented his claim to the state courts, but also instances where the prisoner did not present his claim to the state courts at all or failed to present it to the highest available court, and the time for doing so has expired. *Boerckel*, 526 U.S. at 848; *Wood v. Ngo*, 548 U.S. 81, 92-93 (2006). If

5

federal habeas courts were generally allowed to review such claims, the exhaustion provision's purpose of giving the state courts the first opportunity to resolve federal constitutional issues would be "utterly defeated." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). "To avoid this result, and thus protect the integrity of the federal exhaustion rule," a claim must be "properly" exhausted, meaning it must be "fairly presented" through "one complete round of the State's established appellate review process." *Boerckel,* 526 U.S. at 845, 848.

The exhaustion requirement works in tandem with the procedural-default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts. *Id.* at 848. Broadly speaking, procedural default happens in two ways. A petitioner procedurally defaults his claim where he fails to properly exhaust available remedies (that is, fails to "fairly present" the claim through "one complete round" of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007). *See also Boerckel*, 526 U.S. at 846, 848. Procedural default also occurs where the state court "actually . . . relie[s] on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729.

It is only when the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law," or demonstrates that "the court's failure to consider the claim[] will result in a fundamental miscarriage of justice," that a federal court will review the merits of a claim that was procedurally defaulted. *Coleman*, 501 U.S. at 748 (citing *Murray v.*

6

*Carrier,* 477 U.S. 478, 496 (1986)). The ineffectiveness of post-conviction counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Martinez v. Ryan*, 566 U.S. 1, 7 (2012); *Trevino v. Thaler*, --U.S.--, 133 S. Ct. 1911, 1918 (2013); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). A fundamental miscarriage of justice involves "a prisoner['s] assert[ion of] a claim of actual innocence based upon new reliable evidence." *Bechtol v. Prelesnik*, 568 F. App'x 441, 448 (6th Cir. 2014).

## II. Claim 1: Ineffective Assistance of Counsel

In Claim 1 Petitioner challenges the TCCA's determination that his trial and appellate attorneys did not render ineffective assistance. (Pet., ECF No. 1 at 5.) In support of his claim, he attaches the statement of facts from his post-conviction appellate brief but does not elaborate further. (*Id.* at 5, 9.)

In his post-conviction appeal, Small argued that his trial attorney had been ineffective in failing to investigate the case, file a motion to suppress a photographic lineup, communicate to him the range of punishment before trial, provide discovery materials to him, and discuss with him whether it would be in his best interest to testify at trial. (P-C Br., ECF No. at 15-14 at 12-15.) He also argued that his appellate counsel had rendered ineffective assistance by not raising on appeal an argument that the evidence was insufficient to convict him. (*Id.* at 15-16.) The TCCA rejected all of the defendant's arguments. *See Small*, 2014 WL 60966, at *4-5.

A claim that the ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on this claim, a movant must demonstrate two elements: (1) that counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id.* "The benchmark for judging any claim of ineffectiveness must be whether

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a person challenging a conviction "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." *Id.* at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' . . . Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . " *Richter*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 687, 693).

*Strickland*'s two-part test applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). A petitioner meets the deficient performance prong by demonstrating that his appellate counsel "made an objectively unreasonable decision by choosing to raise the other issues" instead of the challenged issued, meaning the challenged issue was "'clearly stronger than issues that counsel did present.'" *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Robbins*, 528 U.S. at 285, 288 (2000)). The prejudice prong requires a petitioner to "demonstrate 'a reasonable probability that, but for his counsel's

8

unreasonable failure to' raise th[e] issue on appeal, 'he would have prevailed.'" *Id.* (quoting *Robbins,* 528 U.S. at 285).

The deference to be accorded a state-court decision under 28 U.S.C. § 2254(d) is magnified when reviewing an ineffective assistance claim:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles* [*v. Mirzayance*], 556 U.S., at 123, 129 S. Ct. at 1420 [(2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105.

Addressing Small's ineffective-assistance claims, the appellate court "agree[d] with the findings of the [post-conviction] trial court" and applied *Strickland*'s standards to those facts. *Small*, 2014 WL 60966, at *4-5. The court rejected Petitioner's claim that his trial attorney had rendered ineffective assistance by failing to investigate the case. It noted that "Petitioner offered no evidence as to what further investigation by trial counsel would have uncovered." *Id.* at *4. In addition, Petitioner could not establish that he was prejudiced by his attorney's failure to interview and call to the stand an eyewitness identification expert because he did not present the "testimony by an eyewitness identification expert at the post-conviction hearing." *Id.* Without such testimony, the TCCA emphasized, the court would have to "speculate" as to whether Petitioner was harmed by the absence of the testimony at trial. *Id.*

As for Petitioner's argument that trial counsel "should have moved to suppress the witness's photospread identification," the TCCA agreed with the lower court that Small had not

established prejudice. *Id.* Specifically, Petitioner had not shown he was harmed because he "presented no proof at the post-conviction hearing as to why the photospread should have been suppressed . . . ." *Id.*

The TCCA also rejected the defendant's claim that his trial counsel was ineffective by failing to communicate to him the "potential range of punishment prior to trial." *Id.* Although Small testified that he told his trial counsel that "Colonel Clark promised him an offer of eight years if he confessed to the offenses," he "did not testify . . . that trial counsel failed to explain to him the potential range of punishment for the offenses . . . ." *Id.*

Small's claim that counsel was ineffective for failing to provide him with the State's discovery response was also deemed to be without merit. The TCCA noted that, "although Petitioner testified that trial counsel did not provide him with the State's discovery response, Petitioner acknowledged that he received the statements of the State's witnesses before trial counsel was appointed to represent him." *Id.* at *5. He also testified that "trial counsel did not provide him a copy of discovery materials 'because [he] had the one that they gave [him] from [20]01, that's the one that [he] had.'" *Id.* The TCCA pointed out that "Petitioner did not testify what, if anything, that was included in the State's response to discovery that trial counsel failed to provide him; nor did Petitioner make any such materials an exhibit at the post-conviction hearing." *Id.*

The TCCA upheld the lower court's determination that trial counsel did not render ineffective assistance relating to Petitioner's decision to testify at his trial. The appellate court agreed that there was no evidence of deficient performance by trial counsel because Petitioner did not testify at the post-conviction hearing "about any discussions or lack of discussion with trial counsel about his decision to testify at trial." *Id.*

Lastly, the TCCA rejected Petitioner's claim that appellate counsel had rendered ineffective assistance by deciding not to raise on appeal the issue of whether the evidence was sufficient to convict the defendant of the crimes charged. The court "conclude[d] that appellate counsel was not deficient for failing to raise on appeal the issue of the sufficiency of the evidence at trial" because "Petitioner has failed to include in his brief any legal argument in support of any issues he asserts appellate counsel should have raised on appeal, including the sufficiency of the evidence at trial." *Id.* The TCCA also concluded that Petitioner failed to establish prejudice because "a challenge . . . to the sufficiency of the evidence would not have been successful on appeal." *Id.*

Petitioner has not shown that he is entitled to relief under the AEDPA on Claim 1. First, the TCCA's ineffective-assistance determinations were not "contrary to" *Strickland,* 28 U.S.C. § 2254(d)(1), because the TCCA expressly invoked *Strickland* and applied its two-part test to the facts. *See Williams*, 529 U.S. at 406 (A "state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.")

Second, the TCCA's holdings were not based on an unreasonable determination of the facts. *See* 28 U.S.C. §§ 2254(d)(2). The post-conviction court's factual determinations, which the TCCA refused to disturb, are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Moritz*, 2017 WL 2241814, at *5. Small has not pointed to any such evidence.

Finally, the TCCA's determinations were not based on an unreasonable application of *Strickland*'s standards to the facts adduced at the post-conviction hearing. *See* 28 U.S.C. § 2254(d)(1). With regard to trial counsel's assistance, the TCCA did not unreasonably conclude,

11

as to each sub-claim, that there was no evidence to support the allegations of deficient performance or prejudice and, in some instances, that Petitioner's own testimony contradicted his allegations. The TCCA also did not unreasonably conclude that appellate counsel's assistance was not ineffective. As the court noted, Petitioner failed to argue why the evidence-sufficiency issue was stronger than the sentencing issue appellate counsel chose to raise on appeal. *See Robbins*, 528 U.S. at 288. The TCCA's further conclusion, that Petitioner was not prejudiced because he would not have prevailed on an evidence-sufficiency argument, is also not objectively unreasonable. *See infra*, Part III.

Because the TCCA's ineffective assistance determinations are not contrary to clearly established Supreme Court law, based on an unreasonable determination of the facts, or result from an unreasonable application of clearly established law to the facts, Claim 1 is **DENIED**.

### III. Claim 2: Sufficiency of the Evidence

Small alleges that the evidence was insufficient to convict him of aggravated robbery. (Pet., ECF No. 1 at 11.) The claim is without merit.

The Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), provides the federal due process standard for evidentiary sufficiency in criminal cases and therefore governs Petitioner's claim. *See Coleman v. Johnson*, -- U.S.--, 132 S.Ct. 2060, 2062 (2012) (per curiam) (*Jackson* applies to sufficiency-of-the-evidence claims on habeas review under § 2254(d)); *Appanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006) (same). In *Jackson*, the Supreme Court announced that "the relevant question" "on review of the sufficiency of the evidence to support a criminal conviction," is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

Petitioner did not raise an evidence-sufficiency claim on direct or post-conviction appeal. The time allowed under state law to present the claim has passed. *See* TENN. R. APP. P. 3(e); Tenn. Code Ann. §§ 40-30-102(a), (c) (setting one-year limitations period for post-conviction relief and setting forth "one-petition rule"). Small thus procedurally defaulted the claim. *See Boerckel*, 526 U.S. at 848.

The defendant argues that the default should be excused because (1) "trial counsel tried to argue it on [a] Motion for New Trial, but was unsuccessful due to it being under same judge that convicted him at trial," and (2) the "ineffective assistance of counsel at trial" caused the default. (Reply, ECF No. 19 at 3.) The first reason is undeveloped and does not, in any event, provide cause to excuse the default.

Small's second assertion—that the default was the result of his trial counsel's ineffective assistance—is also without merit. As Small admits, his trial counsel filed a motion for a new trial in which he argued, albeit unsuccessfully, that the evidence was insufficient to convict the defendant of the crimes charged. (*See* Mo. New Tr., ECF No. 15-1 at 40.) Trial counsel did not, therefore, fail to preserve the evidence-sufficiency claim for review.[1] Additionally, Petitioner does not explain what more his counsel should have done. Counsel's performance, therefore, cannot be said to have fallen "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

---

[1] Petitioner defaulted his evidence-sufficiency claim at the appellate level. As the Court has already found, the TCCA's determination that appellate counsel was not ineffective for failing to raise the evidence-sufficiency issue on direct appeal was not objectively unreasonable. *See supra* Part II.

Even if Claim 2 were not procedurally defaulted, it would be without merit. The Tennessee criminal code defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). The crime of aggravated robbery is defined, in pertinent part, as "robbery . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402. Viewing the evidence adduced at Small's trial "in the light most favorable to the prosecution," a rational juror "could have found the essential elements of the crime[s] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The cashier testified that a man held her at gunpoint during the theft of cash and a gun. A customer identified Small as one of two men leaving the store, and testified that Small had a gun and cash tucked in his coat and clothes. In addition, the defendant signed a written statement confessing that he held the cashier at gunpoint during the robbery. The jury was entitled to believe the detective's testimony that he did not promise Small anything in return for the confession.

Claim 2 is therefore **DENIED** as procedurally defaulted and without merit.

## IV. Claim 3: Consecutive Sentencing

In Claim 3, Petitioner challenges the trial court's imposition of consecutive sentences. (Pet., ECF No. 1 at 19.) In support, he references the grounds he advanced in his direct appeal to the TCCA. (*Id.*) On appeal, the defendant argued that the court's "ordering [of his] sentence to be served consecutive to previous convictions" "was in violation of Tennessee's sentencing considerations." (Direct App. Br., ECF No. 15-6 at 4, 12) (citing Tenn. Code Ann. §§ 40-35-103(2), (3), (4).) Relying on state sentencing law, the appellate court rejected the defendant's argument. *Small*, 2011 WL 1137061, at *3-6.

Small is not entitled to federal habeas corpus relief on his consecutive sentencing claim because it is "not [a] cognizable" federal claim. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Habeas corpus relief is available only on the ground that the state prisoner is in custody in violation of the Constitution or laws or treaties of the United States, 28 U.S.C. 2254(a), and therefore will "not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). The question of whether or not the state court erred in sentencing Small to consecutive terms is a matter of state, not federal, law. *See Howard*, 76 F. App'x at 53 ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016) (generally, "errors in the application of state sentencing guidelines . . . cannot independently support habeas relief").

Claim 3 is therefore **DENIED**.

The Court having found that Small is not entitled to habeas corpus relief on any of his claims, the petition is hereby **DENIED**. Judgment shall be **ENTERED** for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's procedural and substantive rulings. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 10, 2017.