IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01246-STA-egb |
| | ) | |
| CHERRY LINDAMOOD, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER REQUIRING ADDITIONAL INFORMATION

Michael Small, a Tennessee state prisoner, filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief. In an order entered on July 10, 2017, the Court dismissed the petition. (ECF No. 21.) Judgment was entered that same day. (ECF No. 22.) Petitioner filed a notice of appeal on August 28, 2017 (ECF No. 23), which was more than thirty days after the entry of judgment. *See* Rule 4(a) (1)(A) of the Federal Rules of Appellate Procedure (providing that in a civil case the notice of appeal must be filed in the district court within thirty days after the judgment or order appealed from is entered).

This matter is now before the Court on remand from the Court of Appeals (ECF No. 25) for a determination as to whether a statement in Petitioner's notice of appeal that his "prison keeps going on lockdown due to inmate violence" and that he needs more time to research what is required to appeal the denial of his petition should be construed as a motion for an extension of time in which to file a notice of appeal and, if so, whether the motion should be granted under Fed. R. App. 4(a)(5).

Rule 4(a)(5) applies to a motion for extension of time and provides:

(A) The district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with the local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5).

Even if the notice of appeal is construed as a motion for an extension of time to file a late notice of appeal, the Court cannot ascertain from Petitioner's filing whether sufficient grounds exist for the Court to grant the motion. Although Petitioner states that the "prison keeps going on lockdown due to inmate violence," (Not. p. 1, ECF No. 23), he does not describe how the lockdown impacted his failure to file a timely notice of appeal or present any allegations that he was denied access to legal material or he that lacked the ability to prepare his own notice of appeal. There is no indication that Petitioner was denied access to the prison law library after he received the judgment in this action or that he diligently researched the procedure for filing a timely notice of appeal. Absent a showing of excusable neglect or good cause for filing late, it would be an abuse of discretion to grant the extension of time. *See Baker v. Raulie*, 879 F.2d 1396 (6th Cir. 1989).

The Court will grant Petitioner thirty (30) days from the entry of this order in which to supplement his filing to provide specific details as to why good cause or excusable neglect exist such that his failure to file a timely notice of appeal should be excused. Failure to respond to this order will result in a finding that good cause or excusable neglect do not exist without further notice to Petitioner.

The Clerk is DIRECTED to forward a copy of this order to the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

                                        Date:  October 10, 2017