IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMALL, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01246-STA-egb |
| | ) | |
| CHERRY LINDAMOOD, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DIRECTING RESPONDENT TO RESPOND TO MOTION

This matter is before the Court on remand from the Court of Appeals for a determination as to whether Petitioner Michael Small's untimely notice of appeal "should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, for a ruling on the motion." (ECF No. 25.) For the reasons that follow, the Court construes the notice of appeal as a motion for an extension of time and **ORDERS** Respondent to respond to the motion.

Small, a Tennessee state prisoner, filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief. (ECF No. 1.) By order dated July 10, 2017, the Court denied the petition. (ECF No. 21.) Judgment was entered that same day. (ECF No. 22.) On August 28, 2017, Petitioner filed a document titled "Motion to File Late Notice of Appeal and Application for Certificate of Appealability" with the Sixth Circuit Court of Appeals. (ECF No. 23; ECF No. 23-1.) The body of the document states:

> Petitioner prays that this Honorable Court will grant him an extension of time to file his notice of appeal and his application for certificate of appealability. The . . . prison keeps going on lockdown due to inmate violence. Petitioner needs more time to research what is required for these two documents and needs an official notice of appeal form from the Circuit Court Clerk, as well as the rules for filling out these two documents properly. Wherefore, additional time is respectfully requested.

(ECF No. 23 at 1.)

By letter dated September 13, 2017, the Sixth Circuit Clerk forwarded the document to the Clerk of the Western District of Tennessee with instructions to "file the notice of appeal pursuant to Fed. R. App. P 4(d), which states 'if a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court.'" (ECF No. 23-1.) The Clerk of this district thereafter filed the document as a notice of appeal with a post-dated filing date of August 28, 2017. (ECF No. 23.)

On September 19, 2017, the Sixth Circuit docketed Small's appeal as case number 17-6099. *Small v. Lindamood*, No. 17-6099, ECF No. 1 (6th Cir. Sept. 19, 2017.) On "initial review of the notice of appeal," the appellate court found that the "notice of appeal, placed in the prison mail on August 23, 2017, is late." *Id.*, ECF No. 3 (Oct. 5, 2017). It noted, however, that "in the notice of appeal, Small requests an extension of time to appeal," and the "notice of appeal was filed within the time for filing a Federal Rule of Appellate Procedure 4(a)(5) motion for an extension of time." *Id.* The court therefore remanded the case to this Court "for the limited purpose of determining whether the notice of appeal should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, for a ruling on the motion." *Id.*

By order dated October 10, 2017, this Court determined that "[e]ven if [Small's] notice of appeal is construed as a motion for an extension of time to file a late notice of appeal, the Court cannot ascertain from Petitioner's filing whether sufficient grounds exist for the Court to grant the motion." (ECF No. 26 at 2.) In particular, "[a]lthough Petitioner states that the 'prison keeps going on lockdown due to inmate violence,' . . . he does not describe how the lockdown impacted his failure to file a timely notice of appeal or present any allegations that the was

denied access to legal material or that he lacked the ability to prepare his own notice of appeal." (*Id.*) In addition, "[t]here is no indication that Petitioner was denied access to the prison law library after he received the judgment in this action or that he diligently researched the procedure for filing a timely notice of appeal." (*Id.*) The Court therefore "grant[ed] Petitioner thirty (30) days . . . to supplement his filing to provide specific details as to why good cause or excusable neglect exist such that his failure to file a timely notice of appeal should be excused." (*Id.* at 3.) The Court subsequently granted Small's motion for an extension of time to file the additional statement. (ECF No. 28.) Petitioner thereafter timely filed his "Response to Court's 'Order Requiring Additional Information'" ("Supplemental Statement"). (ECF No. 29.)

In most circumstances, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. (4)(a)(1)(A). The district court may grant an extension of time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. (4)(a)(5)(A)(i)-(ii).

As an initial matter, the Court holds that Petitioner's notice of appeal should be treated as a Rule 4(a)(5) motion for extension of time. The document is styled as a motion to file a late notice of appeal and explicitly requests "an extension of time to file [a] notice of appeal." (ECF No. 23.) It also provides reasons for the delay in filing. (*Id.*)

The question remaining is whether an extension is warranted. In his Supplemental Statement, Petitioner alleges that a series of events, including but not limited to a prison lockdown, prevented him from timely filing the notice of appeal. (ECF No. 29 at 1-2.) He states that the lockdown lasted until three days after the judgment was entered, after which he was

taken to the Shelby County jail in anticipation of his appearance at a state post-conviction proceeding. He alleges that he remained in the jail for two weeks. He was then transported back to the state prison, where he was kept in the "orientation pod" for about a week without access to a law library. (*Id.* at 2.) After leaving the orientation pod, he "had to wait" a few days to sign up for access to the library. (*Id.*) It then took him three visits to the library to prepare his notice of appeal because "the library only allows inmates 15 minutes with the law library aides per session." (*Id.*)

Most of these alleged facts relate to the location of Petitioner's custody at given points in time and the prison rules regarding inmate access to the law library or library aide. The facts are therefore not only personally known by Petitioner, but are likely documented or relatively easily verified by the State.

Accordingly, Respondent is **ORDERED** to file, within twenty-eight days of entry of this order, a response to Petitioner's motion for an extension of time to file a late appeal. Petitioner may file a reply within twenty-eight days of service of the response.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 5, 2018