IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01246-STA-egb |
| | ) | |
| CHERRY LINDAMOOD, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION FOR EXTENSION OF TIME
TO FILE NOTICE OF APPEAL
AND
DIRECTING CLERK TO FORWARD NOTICE OF APPEAL TO COURT OF APPEALS

Before the Court is Petitioner Michael Small's motion for an extension of time to file a notice of appeal. For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

Small, a Tennessee state prisoner, filed a petition under 28 U.S.C. § 2254 seeking habeas corpus relief. (ECF No. 1.) On July 10, 2017, the Court denied the petition (ECF No. 21) and entered judgment for Respondent, Cherry Lindamood (ECF No. 22). On August 22, 2017, Petitioner mailed to the Sixth Circuit Court of Appeals a document titled "Motion to File Late Notice of Appeal and Application for Certificate of Appealability," in which he alleged that a prison lockdown prevented him from timely filing a notice of appeal. (ECF No. 23; ECF No. 23-1.) On "initial review of the notice of appeal," the appellate court found that the document "was filed within the time for filing a Federal Rule of Appellate Procedure 4(a)(5) motion for an extension of time." *Id.* The court therefore remanded the case to this Court "for the limited

purpose of determining whether the notice of appeal should be treated as a Rule 4(a)(5) motion for an extension of time and, if appropriate, for a ruling on the motion." *Id.*

On remand, this Court determined that "[e]ven if [Small's] notice of appeal is construed as a motion for an extension of time to file a late notice of appeal, the Court cannot ascertain from Petitioner's filing whether sufficient grounds exist for the Court to grant the motion." (ECF No. 26 at 2.) In particular, "[a]lthough Petitioner state[d] that the 'prison keeps going on lockdown due to inmate violence,' . . . he [did] not describe how the lockdown impacted his failure to file a timely notice of appeal" and did not "present any allegations that he was denied access to legal material or that he lacked the ability to prepare his own notice of appeal." (*Id.*) In addition, the Court found that there was "no indication" in the motion that he "was denied access to the prison law library after he received the judgment in this action or that he diligently researched the procedure for filing a timely notice of appeal." (*Id.*) The Court therefore "grant[ed] Petitioner thirty (30) days . . . to supplement his filing to provide specific details as to why good cause or excusable neglect exist such that his failure to file a timely notice of appeal should be excused." (*Id.* at 3.)

Petitioner thereafter timely filed his "Response to Court's 'Order Requiring Additional Information'" ("Supplemental Statement"). (ECF No. 29.) In his Supplemental Statement, Petitioner alleges that a series of events, including but not limited to a prison lockdown, prevented him from timely filing the notice of appeal. (*Id.* at 1-2.) He states that the lockdown lasted until several days after the judgment was entered, during which he had no access to the prison library or a legal aide. He was then taken to the Shelby County jail in anticipation of his appearance at a state post-conviction proceeding, where he remained for two weeks without access to a library or a legal aide. He was transported back to the state prison the first week of

August, where he was kept in the "Orientation Unit" for "several days" without access to a law library or legal aide. (*Id.* at 2.) Upon transfer to the "IB Pod," he "had to wait" a few days to sign up for access to the library. (*Id.*) It then took him three visits to the library to prepare his notice of appeal because "the library only allows inmates 15 minutes with the law library aides per session." (*Id.*)

In an order dated January 5, 2018, the Court noted that most of the allegations contained in the Supplemental Statement "relate to the location of Petitioner's custody at given points in time and the prison rules regarding inmate access to the law library or library aide." (ECF No. 30 at 4.) As these "facts are . . . likely documented or relatively easily verified by the State," the Court ordered Respondent to respond to Petitioner's motion. (*Id.*)

On February 1, 2018, Respondent filed its response opposing the motion. (ECF No. 31.) Attached to the response is the affidavit of Cynthia D. Casagrande, the "contract monitor for operations" at the prison in which Petitioner is incarcerated (ECF No. 31-1), as well as a copy of the prison form titled "Segregation Request for Legal/Religious Publications" (ECF No. 31-2). Petitioner filed a reply in further support of his motion. (ECF No. 32.)

## DISCUSSION

In most circumstances, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. (4)(a)(1)(A). The district court may grant an extension of time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. (4)(a)(5)(A)(i)-(ii).[1]

"Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). "'The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.'" *JBlanco Enterprises v. Soprema Roofing and Waterproofing, Inc.*, 2017 WL 1838700, at \*1 (N.D. Ohio May 8, 2017), *aff'd*, 2017 WL 5634299 (6th Cir. Nov. 20, 2017) (quoting 16A Fed. Prac. & Proc. Juris. § 3950.3 (4th ed.)).

Here, the judgment was entered on July 10, 2017, which means Petitioner had until August 9, 2017, to file a notice of appeal. Under Fed R. App. P. 4(a) (5), he had until September 8, 2017, to file a motion for an extension of time. Petitioner placed his motion into the prison mail system on August 22, 2017, which was beyond the time for filing a timely notice of appeal, but within the time to file an extension motion. The question before the Court is whether the motion should be granted for good cause or excusable neglect.

It is true that, as compared to other litigation matters, filing a notice of appeal is a "modest task[]." *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006). However, Petitioner has alleged, and Respondent does not dispute, that he needed access to legal materials or a legal aide to help him understand what he must do, and when, in order to appeal the adverse

---

[1] The Advisory Committee Note to the 2002 amendments to Fed. R. App. P. 4 makes clear that "[t]he text of [the] Rule . . . does not distinguish between motions filed prior to the expiration of the original deadline and those filed after the expiration of the original deadline." Fed. R. App. P. 4(a), advisory committee note, 2002 amendment. *See also Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) ("Pursuant to Rule 4(a)(5), a movant may request a filing extension of up to 30 days upon a showing of 'excusable neglect or good cause,' Fed. R. App. P. 4(a)(5)(A)(ii), but must do so within the 30 days following the initial 30-day appeal period. Fed. R. App. P. 4(a)(5)(A)(i).").

judgment. (ECF No. 29 at 2.) *See e.g.*, *Keesha Washington v. Freeman*, No. 3:15-CV-01308, 2016 WL 4127719, at *1–2 (M.D. Tenn. Aug. 3, 2016) ("[E]ven though filing a notice of appeal is a 'modest task,' . . . without the ability to even consult the governing federal rules or a prison legal aid[e], [Petitioner], acting *pro se*, did not know how to proceed or realize that she was under a strict deadline, or any deadline at all, for pursuing an appeal.") (citing *Isert*, 461 F.3d at 758). Thus, the central question here is whether and to what extent Petitioner had access to legal materials or a legal aide at relevant times—during the lockdown, while housed at the county jail, and while in the Orientation Unit and IB Pod.

### 1. Lockdown

Respondent agrees with Petitioner that the prison was on lockdown on July 10, 2017, when the judgment was entered in this case. According to the affidavit of the monitor for operations, Cynthia Casagrande, the lockdown ran "from June 21, 2017, until July 16, 2017." (ECF No. 31-1 at 1.) Petitioner alleges that he had no access to legal materials or a legal aide during the lockdown.

Casagrande refutes that allegation. She states that "[i]nmates are able to request legal resources at any time during a lockdown," and that "[d]uring the time of [the June/July] lockdown the Librarian visited each unit daily to assist with any inmate request." (ECF No. 31-1 at 2.) With regard to Small in particular, she avers that the "[p]rison records reflect that [he] never requested any legal resources during the lockdown period[]." (*Id.*)

In his reply, Petitioner continues to deny that he had access to legal materials during the lockdown. The Court need not resolve the factual dispute because, as will be discussed, Petitioner has shown that he did not have access to legal materials, a library, or a legal aide for the three weeks that followed the lockdown.

2. **Shelby County Jail**

The parties are in substantial agreement that on July 18, 2017, Petitioner was transported to the Shelby County Jail for the purpose of attending a state court proceeding. (*Id.* at 1; ECF No. 29 at 1.) Petitioner alleges that he had no access to a library or legal aide while at the jail. Respondent does not dispute the allegation. The Court therefore finds that Small did not have access to a law library or legal aide for the sixteen days he was at the jail.

3. **Orientation Unit and IB Pod**

Small was returned to the state prison on Thursday August 3, 2017, where he was placed into the Orientation Unit. (ECF No. 31-1 at 1; ECF No. 29 at 1.) Although Casagrande does not state how long Petitioner was in the unit, Small alleges that he was there for "several days," and was removed from the unit and placed into the "IB Pod" on August 7, 2017. (ECF No. 29 at 2.) Neither Casagrande nor Petitioner explain what the IB Pod is.

Petitioner further alleges that "[w]hile in the orientation pod, [he] had no access to the library because it was too late to sign up on the library sign up sheet, which only comes out once a week." (*Id.*) He suggests that the sign-up sheets are posted on Fridays (ECF No. 32 at 8), and states that it would have been futile for him to sign-up on Friday August 4 because "by the time the library list is picked up" from the Orientation Unit, he would have been, as was, transferred to a "completely different pod." (*Id.* at 3.) According to Small, library passes "are <u>not</u> forwarded to the correct pods." (*Id.* (emphasis in original).) He states that his first opportunity to sign-up was August 12, 2017, five days after he was placed in the IB pod. He then "had to wait until" the "the week of August 14-18, 2017" to secure his library pass.[2] (*Id.*)

---

[2] In his Reply, Petitioner states that the "first possible pass day" was August 15, 2017. (ECF No. 32 at 4, 8.)

In response, Casagrande avers that "[i]nmates assigned to facility orientation upon intake have access to all legal resources," and that "[o]rientation does not restrict or preclude any legal resources access." (ECF No. 31-1.) She does not state anything with regard to access for prisoners in the IB Pod, or with regard to Petitioner in particular.

Casagrande's general averment that prisoners in the Orientation Unit have access to the library and a legal aide is not necessarily inconsistent with Petitioner's allegation that a once-a-week sign-up sheet is the procedure used in the Orientation Unit and IB Pod to manage prisoner access.[3] In addition, unlike her specific averment that Petitioner did not request library access during the lockdown, Casagrande does not rebut in any way Petitioner's allegation that his first chance to sign-up was August 12, 2017.

Accordingly, the Court finds that, upon his return to the prison, Petitioner was not able to sign-up for library access until August 12, which was three days after the notice of appeal was due. In addition, since Petitioner sent his motion for an extension of time through the prison mail system on August 22, 2017, the Court determines that the filing was made ten days after Small signed-up for library access, and approximately one week after he gained access.

In sum, although it is disputed on this record whether Petitioner had access to legal materials during the lockdown, the Court finds that he did not have access to such materials or a legal aide for the sixteen days he was in the county jail, or for the last week of the thirty-day

---

[3] Respondent has submitted a form titled "Segregation Request for Legal/Religious Publications" in support of the proposition that "a prison lockdown does not prevent an inmate from requesting legal resources or sending out mail." (ECF No. 31 at 4.) Respondent has not addressed whether the form is also used during normal, non-lockdown times, and whether it is used in the Orientation Unit and IB Pod. Similarly, Casagrande's averment that the "Librarian visited each unit daily" was in reference to the period of time during which the prison was on lockdown; it is not a description of the procedures used in the Orientation Unit and IB Pod, or when lockdowns are not occurring.

At bottom, Respondent has simply failed to rebut Small's allegation that a weekly sign-up sheet was used in the Orientation Unit and IB Pod.

period when he was in the Orientation Unit and IB Pod.  The Court therefore holds that Small has shown circumstances beyond his control, and thus good cause, for not timely filing his notice of appeal.

The motion for an extension of time to file a notice of appeal is **GRANTED**.

The Clerk is **DIRECTED** to forward Petitioner's notice of appeal, which has already been filed with this Court (ECF No. 23), to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 11, 2018